TODD KIM, Assistant Attorney General
Environment & Natural Resources Division
CHRISTIAN H. CARRARA,
Trial Attorney (NJ Bar No. 317732020)
Wildlife & Marine Resources Section
United States Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-9736
Fax: (202) 305-0275
Email: christian.carrara@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**,<br><br>Plaintiff,<br><br>v.<br><br>**DEBRA HAALAND,** in her official capacity as Secretary of the U.S. Department of the Interior, **MARTHA WILLIAMS**, in her official capacity as Director of the U.S. Fish and Wildlife Service, and **U.S. FISH AND WILDLIFE SERVICE**.<br><br>Defendants. | No. 2:21-cv-08660 CAS (AFMx)<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Center") and Defendants Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior ("Interior"), Martha Williams, in her official capacity as Director of the United States Fish and Wildlife Service, and the United States Fish and Wildlife Service ("Service") (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on May 11, 2020, the Center submitted a petition requesting that the Service list the Santa Ana speckled dace (*Rhinichthys osculus*) as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, and, upon request of the Service, subsequently submitted supplemental support for the petition on May 18, 2020;

WHEREAS, on June 8, 2020, the Center submitted a petition requesting that the Service list the Long Valley speckled dace (*Rhinichthys osculus ssp.*) as threatened or endangered under the ESA;

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued "90-day findings" in response to the petitions to list the species identified above, in which the Service concluded that the petitions presented substantial information indicating that the listings of these species under the ESA "may be warranted," *see* 86 Fed. Reg. 32,241-32,243 (June 17, 2021) (Santa Ana speckled dace); 86 Fed. Reg. 53,937 (Sept. 29, 2021) (Long Valley speckled dace);

WHEREAS, on July 19, 2021, and July 30, 2021, Plaintiff notified Defendants by letter of its intent to file suit to compel the Service to complete "12-month findings," pursuant to 16 U.S.C. § 1533(b)(3)(B), concerning the Santa Ana speckled dace and Long Valley speckled dace, respectively;

WHEREAS, on September 9, 2021, the Service responded to Plaintiff's July 19, 2021, letter, and provided an update regarding the agency's expected timeline for the completion of the 12-month finding concerning the Santa Ana speckled

dace;

WHEREAS, on September 27, 2021, the Service responded to Plaintiff's July 29, 2021, letter, and provided an update regarding the agency's expected timeline for the completion of the 12-month finding concerning the Long Valley speckled dace;

WHEREAS, on November 3, 2021, Plaintiff filed a complaint in the above-captioned action to compel the Service to complete the actions identified above by dates certain, *see* Docket ("Dkt.") 1 ("Complaint");

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before July 31, 2024, the Service shall review the status of the Santa Ana speckled dace and the Long Valley speckled dace and submit to the Federal Register 12-month findings as to whether the listing of these species as threatened or endangered is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B):

2. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or

relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3.  In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.  This Agreement requires only that the Service take the actions specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein. To challenge any final determination issued in accordance with this Agreement, Plaintiff will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

5.  Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiff $9,000.00 in attorneys' fees and costs. Plaintiff agrees to accept the $9,000.00 from Defendants in full satisfaction of any and all

4

claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

6. Plaintiff agrees to furnish Defendants with the information necessary to effectuate the $9,000.00 payment set forth by Paragraph 5. Payment will be made to the Center for Biological Diversity by electronic funds transfer. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later. Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

7. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of or designation of critical habitat for any species.

8. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C.

§ 1341, or any other applicable appropriations law.

10. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning Plaintiff's Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

12. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

13. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: May 31, 2022                                 Respectfully submitted,

| | |
|---|---|
| */s/ Camila Cossio* <br> CAMILA COSSIO (OR Bar # 191504) <br> Center for Biological Diversity <br> P.O. Box 11374 <br> Portland, OR 97211-0374 <br> Tel: (917) 717-6727 <br> Email: ccossio@biologicaldiversity.org <br><br> */s/ Brian Segee* <br> BRIAN SEGEE (Ca. Bar # 200795) <br> Center for Biological Diversity <br> 660 S. Figueroa Street, Suite 1000 <br> Los Angeles, CA 90017 <br> Tel: (805) 750-8852 <br> Email: bsegee@biologicaldiversity.org <br><br> *Attorneys for Plaintiff* | TODD KIM, Assistant Attorney General <br> SETH M. BARSKY, Section Chief <br> MEREDITH L. FLAX, Assistant Section Chief <br><br> */s/ Chris Carrara* <br> CHRISTIAN H. CARRARA <br> Trial Attorney (NJ Bar # 317732020) <br> United States Department of Justice <br> Environment & Natural Resources Div. <br> Wildlife & Marine Resources Section <br> P.O. Box 7611 <br> Washington, DC 20044-7611 <br> Tel: (202) 598-9736 <br> Fax: (202) 305-0275 <br> Email: Christian.carrara@usdoj.gov <br><br> *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

 I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

         */s/ Chris Carrara*